IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES                       :

   v.                              :   Criminal No. DKC-97-0044

JAMES ISAAC THOMAS                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion by Defendant James Thomas to set hearing on petition for supervised release. (ECF No. 98). For the following reasons, the motion to set hearing will be denied.

**I.  Background**

On April 6, 1998, Defendant pled guilty to charges of armed bank robbery and use of a firearm in connection with a crime of violence. Defendant was sentenced to 130 months of imprisonment, followed by five years of supervised release. Defendant began his term of supervised release on September 10, 2011.

On September 10, 2014, Defendant was arrested and charged with credit card fraud and robbery in the District of Columbia. Defendant pled guilty to three counts of credit card fraud and one count of robbery on November 25, 2014. The Superior Court for the District of Columbia sentenced defendant to 58 months of imprisonment. Defendant is currently serving this sentence at

FCI Cumberland, and is scheduled for release on approximately February 6, 2019. (ECF No. 99, at 2).

On December 4, 2014, the U.S. Probation Officer supervising Defendant filed a sealed petition, alleging that Defendant violated the terms of his supervised release by committing robbery and credit card fraud. A warrant for Defendant's arrest was issued on December 4, 2014, which was subsequently lodged as a detainer on Defendant while he is currently incarcerated. On October 22, 2015, Defendant filed a motion to set hearing on petition for supervised release. (ECF No. 98). The government responded on November 2. (ECF No. 99).

## II. Analysis

Defendant moves this Court to set a prompt hearing on the petition for Defendant's violation of supervised release. Defendant argues that waiting until the end of his current term of imprisonment for a hearing on this petition would be inefficient. Defendant requests a prompt hearing in part because he claims the detainer lodged against him impacts Defendant's ability to participate in a community treatment program while incarcerated. Defendant is willing to waive his right to be present at the hearing, and would instead participate telephonically.

While Defendant generally argues that waiting until the end of his sentence would be inefficient, the government's response

2

correctly asserts that Defendant references no law that would compel the scheduling of a prompt hearing. The government argues that, in the absence of any such law, the most efficient solution is to adjudicate this matter after the Defendant's current term of imprisonment concludes.

In *Moody v. Daggett*, 429 U.S. 78, 89 (1976), the Supreme Court of the United States held that an individual imprisoned for a crime committed while on parole is not constitutionally entitled to a prompt revocation hearing if the warrant for the violation has merely been issued as a detainer. *Moody* explains that, where the warrant has not yet actually been executed on an incarcerated individual, denying a prompt hearing does not infringe on constitutional due process protections. *Id.* In fact, mandating a hearing at the outset of an individual's imprisonment for a separate offense interferes with a basic goal of revocation hearings: to assess an individual's fitness to live in society. *See id.* The hearing to make this assessment should instead be conducted at the time of potential release, in order to have the most relevant and up-to-date information on the individual. *See id.*

Waiting until the conclusion of Defendant's current term of imprisonment to adjudicate the alleged violation of supervised release is also consistent with the requirements of the Federal Rules of Criminal Procedure. *See* Fed.R.Crim.P. 32.1(b)(1)(A).

Pursuant to Rule 32.1(b)(1)(A), individuals in custody for violating a condition of supervised release are entitled to a prompt hearing to determine probable cause. This requirement only applies, however, if the individual is detained solely for violating the terms of their supervised release. *United States v. Loiseau*, 429 F.App'x 210, 211 (4th Cir. May 6, 2011); *United States v. Pardue*, 363 F.3d 695, 697-98 (8th Cir. 2004); *United States v. Sackinger*, 537 F.Supp. 1245, 1249 (W.D.N.Y 1982), *aff'd*, 704 F.2d 29, 30 (2d Cir. 1983).

**III. Conclusion**

For the foregoing reasons, the motion to set hearing filed by Defendant James Thomas will be denied. A separate order will follow.

                                          /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge